UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

WILLIAM BAZEMORE,

Defendant.

```
┌────────────────────────────────────┐
│ USDC SDNY                          │
│ DOCUMENT                           │
│ ELECTRONICALLY FILED               │
│ DOC #: _____      │
│ DATE FILED:  9/16/2020_____       │
└────────────────────────────────────┘
```

19 Cr. 6-1 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    I.    <u>Setting Remote Proceeding</u>

On July 23, 2020, the Court held a substitution of counsel hearing in response to Defendant's June 24, 2020 letter requesting assignment of new counsel. At the hearing, the Court denied Defendant's request but, because Defendant raised questions concerning what his former attorneys communicated to him about the terms of his plea agreement, the Court determined that it would hold a hearing (the "Hearing") to further investigate. The Court directed Defendant's current counsel, Meredith S. Heller, to address whether she should represent him at the Hearing. On July 24, 2020, Ms. Heller wrote to the Court stating that it "would be appropriate, in an abundance of caution, to appoint independent counsel for [Defendant], solely for the purposes of the [H]earing," in order to avoid any potential conflict of interest. ECF No. 138. On August 13, 2020, the Court appointed Anthony Cecutti to represent Defendant at the Hearing. On August 26, 2020, the Court scheduled the Hearing for September 3, 2020. ECF No. 146. On September 2, 2020, Defendant's counsel requested an adjournment, which the Court granted. ECF Nos. 147, 148.

It is ORDERED that the Hearing will be held on **September 22, 2020**, at **11:00 a.m.** The Government need not attend. The hearing shall proceed by videoconference. Instructions for the parties' participation in and the public's observance of the proceeding are set out below.

Under the terms of Section 15002(b)(2) of the CARES Act, Pub. L. No. 116-136 (2020), the Judicial Conference of the United States has found that emergency conditions due to the national emergency declared by the President with respect to COVID-19 materially have affected and will materially affect the functioning of the federal courts, and the Chief Judge of this district has entered an order finding that it is "necessary for the judges in this District to continue to conduct proceedings remotely, by videoconference or telelconference." *In re Coronavirus/Covid-19 Pandemic*, 20 Misc. 176, ECF No. 2 (S.D.N.Y. June 24, 2020).

Additionally, because of the COVID-19 public health crisis, the Court adopted emergency rules for conducting conferences and proceedings in criminal cases. *See* Emergency Individual Rules and Practices in Light of COVID-19 Rule 2(B).  Accordingly, it is ORDERED that by **September 21, 2020**, defense counsel is directed to confer with the Government, and submit a letter to the docket stating the positions of both defense counsel and the Government on "whether the Court can, consistent with the U.S. Constitution, Federal Rules of Criminal Procedure (*see, e.g.*, Rules 5(f), 10(b) & (c), and 43), and any other relevant law, conduct the matter by . . . **video** and, if applicable, whether the Defendant consents to appearance in that manner." *Id.* (emphasis added).

II.    <u>Instructions</u>

The conference shall proceed via videoconference using the CourtCall platform on **September 22, 2020**, at **11:00 a.m.**  As requested, defense counsel will be given an opportunity to speak with the Defendant by telephone for fifteen minutes before the proceeding begins (i.e., at **10:45 a.m.**); defense counsel should make sure to answer the telephone number that was previously provided to chambers at that time.

To optimize the quality of the video feed, only the Court, the Defendant, defense counsel, and counsel for the Government will appear by video for the proceeding; all others will participate by

2

telephone.  Due to the limited capacity of the CourtCall system, only one attorney per party may

participate.  Co-counsel, members of the press, and the public may access the audio feed of the

conference by calling 855-268-7844 and using access code 32091812# and PIN 9921299#.

In advance of the conference, chambers will email the parties further information on how to

access the conference.  Those participating by video will be provided a link to be pasted into their

browser.  **The link is non-transferrable and can be used by only one person**; further, it should be

used **only** at the time of the conference because using it earlier could result in disruptions to other

proceedings.

To optimize use of the CourtCall technology, all those participating by video should:

1.   Use the most recent version of Firefox, Chrome, or Safari as the web browser.  Do **not** use Internet Explorer.
2.   Use hard-wired internet or WiFi.  If using WiFi, the device should be positioned as close to the Wi-Fi router as possible to ensure a strong signal.  (Weak signals may cause delays or dropped feeds.)
3.   Minimize the number of others using the same WiFi router during the conference.

Further, all participants must identify themselves every time they speak, spell any proper

names for the court reporter, and take care not to interrupt or speak over one another.  Finally, all of

those accessing the conference — whether in listen-only mode or otherwise — are reminded that

recording or rebroadcasting of the proceeding is prohibited by law.

If CourtCall does not work well enough and the Court decides to transition to its

teleconference line, counsel should call **(215) 861-0674** and use access code **5598827**.

To the extent that there are any documents relevant to the proceeding (e.g., proposed orders or

documents regarding restitution, forfeiture, or removal), counsel should submit them to the Court (by

email or on ECF, as appropriate) at least **at least 24 hours prior to the proceeding**.  To the extent

any documents require the Defendant's signature, defense counsel should endeavor to get them

signed in advance of the proceeding as set forth above; if defense counsel is unable to do so, the

Court will conduct an inquiry during the proceeding to determine whether it is appropriate for the

Court to add the Defendant's signature.

      SO ORDERED.

Dated:   September 16, 2020
       New York, New York

                                     _____
                                        ANALISA TORRES
                                 United States District Judge