

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 29, 2021

**BY ECF**

The Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

   Re:  **United States v. William Bazemore, 19 Cr. 006 (AT)**

Dear Judge Torres:

  The Government respectfully submits this letter in opposition to the defendant's *pro se* motion to vacate his guilty plea. For the reasons set forth below, the defendant's motion should be denied.

## Background

  In January 2019, the defendant was charged in a six-count indictment charging him with participating in a racketeering enterprise, in violation of 18 U.S.C. § 1961(d) (Count One); participating in a conspiracy to distribute narcotics, in violation of 21 U.S.C. § 846 and 841(b)(1)(A) (Count Two); conspiracy to commit sex trafficking, in violation of 18 U.S.C. § 1594 (Count Three); sex trafficking by force, fraud, and coercion, in violation of 18 U.S.C. § 1591(a) and (b)(1) (Count Four); transportation for purposes of prostitution, in violation of 18 U.S.C. § 2421 (Count Five); and use of an interstate facility to promote an unlawful activity, in violation of 18 U.S.C. § 1952(a)(3) (Count Six).

  After robust plea negotiations with the defendant's then-appointed counsel, Sarah Sacks Esq. and Bennet Epstein, Esq., the Government offered the defendant a pretrial resolution of the case permitting him to plead guilty to only Count Four, the substantive sex trafficking offense. The offer was memorialized in a proposed plea agreement, dated October 24, 2019. Although defense counsel advanced, and the Government considered, other possible resolutions, including a proposed resolution in which the defendant would plead guilty to the narcotics conspiracy offense (Count Two) and a firearms possession offense in violation of 18 U.S.C. § 924(c), the Government made no other plea offer to the defendant at any point during the pendency of the case. The Government did agree, however, based on the advocacy of Ms. Sacks and Mr. Epstein, to give the defendant coverage for both the racketeering conspiracy (Count One) and the substantive sex trafficking offense (Count Four) as part of the plea agreement. That understanding is reflected on page one of the October 24, 2019 plea agreement.

June 29, 2021
Page 2

On or about October 28, 2019, the defendant pled guilty, pursuant to the above-referenced plea agreement, to Count Four of the indictment. During the plea hearing, the defendant provided an oral allocution in which provided the factual basis for his plea of guilty, and also responded to the Court's additional questioning regarding the conduct at issue. The defendant expressed no issue with his counsel at the hearing, and in fact stated that he was satisfied with their representation. However, almost immediately afterwards, the Court received a letter dated October 23, 2019 – predating the plea hearing – from the defendant, *pro se*, expressing dissatisfaction with his counsel, Ms. Sacks and Mr. Epstein. The Court then held a hearing on November 4, 2019, to address the letter and substituted Meredith Heller, Esq. as counsel for the defendant. Ms. Heller was directed to report to the Court whether the defendant intended to attempt to withdraw his guilty plea.

On or about November 6, 2019, Ms. Heller informed the Court that the defendant would not move to withdraw his plea. On or about June 24, 2020, the defendant requested a second reassignment of counsel. The application was denied by the Court during a hearing held by video conference on or about July 23, 2020. On or about July 24, 2020, Ms. Heller requested that counsel be appointed for purposes of an evidentiary hearing regarding what the defendant was told by previous counsel – Ms. Sacks and Mr. Epstein – about the Government's plea offer and whether the defendant should be permitted to withdraw his plea. On or about August 13, 2020, the Court appointed Anthony Cecutti to represent the defendant at such a hearing.

On or about September 22, 2020, the Court denied the defendant's request to withdraw his plea after the defendant, Ms. Sacks and Mr. Epstein testified at a hearing before the Court. At the hearing, the Court noted having a "strong, specific recollection" of the defendant's plea hearing and that his demeanor was "clear-headed, calm, and resolute." (Sept. 22, 2020 Tr. at 22). The Court concluded, based on his statements and demeanor, that the defendant had knowingly and voluntarily pleaded guilty. (*Id.*) The Court detailed the defendant's thorough allocution, which included that he understood the proceeding and the indictment, that he had sufficiently consulted with his attorneys, and that he was satisfied with their representation. (*Id.*) The Court concluded, based on the plea hearing and the testimony of both the defendant and his prior counsel, that the defendant's testimony was "not credible." (*Id.* at 23). By contrast, the Court found that Ms. Sacks and Mr. Epstein, both of whom testified about their extensive discussions with the defendant regarding the plea offer, were credible and "completely persuasive." (*Id.*)

Sentencing is currently scheduled for tomorrow, June 30, 2021, after multiple adjournments due to the COVID-19 pandemic. On the eve of sentencing, in a *pro se* application dated June 9, 2021, the defendant reiterates strikingly similar arguments in a renewed application to vacate his guilty plea. In summary, the defendant asserts that he was inadequately advised regarding the Government's plea offer, including whether he qualified as a career and whether his guilty plea will require him to register as a sex offender under the Adam Walsh Act. (*See* Dkt. 182). By email, Ms. Heller informed the Court that the application is not adopted by defense counsel.

June 29, 2021
Page 3

## **Legal Standard**

A guilty plea is a "grave and solemn act." *United States v. Hyde*, 520 U.S. 670, 677 (1997). "Society has a strong interest in the finality of guilty pleas, and allowing withdrawal of pleas not only undermines confidence in the integrity of our judicial procedures, but also increases the volume of judicial work, and delays and impairs the orderly administration of justice." *United States v. Maher*, 108 F.3d 1513, 1529 (2d Cir. 1997) (citations and internal quotation marks omitted). Thus, "[a] defendant may not 'withdraw his guilty plea simply on a lark' and must not be permitted to 'degrade the otherwise serious act of pleading guilty into something akin to a move in a game of chess.'" *United States v. Mikhailin*, No. 12 Cr. 904, 2014 WL 5369645, at *4 (S.D.N.Y. Oct. 17, 2014) (quoting *Hyde*, 520 U.S. at 676-77). Rather, prior to sentencing, a defendant may only withdraw a guilty plea if he "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B).

The defendant bears the burden of establishing that his proffered reason is "fair and just" under Rule 11. *United States v. Doe*, 537 F.3d 204, 210 (2d Cir. 2008). "That burden has been described by the Second Circuit as 'stringent.'" *United States v. Grant*, No. 10 Cr. 431, 2014 WL 4828469, at *7 (S.D.N.Y. Sept. 25, 2014) (quoting *United States v. Schmidt*, 373 F.3d 100, 102 (2d Cir. 2004)). Indeed, the burden is "plainly no less heavy" than the burden faced by "a defendant who challenges the sufficiency of the evidence to support his conviction after a jury verdict." *Maher*, 108 F.3d at 1530.

> The relevant factors in determining whether the defendant has met this stringent standard include "(1) the amount of time that has elapsed between the plea and the motion; (2) whether the defendant has asserted a claim of legal innocence; . . . (3) whether the government would be prejudiced by a withdrawal of the plea"; and (4) whether the plea was voluntary.

*United States v. Robinson*, No. 08 Cr. 976, 2015 WL 8073757, at *5 (S.D.N.Y. Dec. 4, 2015) (quoting *Schmidt*, 373 F.3d at 102-03).

Regarding the first factor, "a long interval between the plea and the request often weakens any claim that the plea was entered in confusion or under false pretenses." *United States v. Doyle*, 981 F.2d 591, 595 (1st Cir. 1992). As to the second factor, a post-plea assertion of innocence, "[s]olemn declarations in open court" during a plea allocution "carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Thus, "a defendant's bald statements that simply contradict what he said at his plea allocution are not sufficient grounds to withdraw the guilty plea." *United States v. Torres*, 129 F.3d 710, 715 (2d Cir. 1997). Finally,

> "[p]rejudice" in the context of plea withdrawal typically refers to depriving the Government of the benefit of its bargain by having the burden of trial preparation suddenly thrust upon it, as well as the potential difficulty to the Government in securing evidence against the defendant that would have been easier to secure at an earlier moment in time.

*United States v. Lopez*, 385 F.3d 245, 255 (2d Cir. 2004).

June 29, 2021
Page 4

"A defendant is not entitled to an evidentiary hearing as a matter of right whenever he seeks to withdraw his guilty plea." *United States v. Gonzalez*, 970 F.2d 1095, 1100 (2d Cir. 1992). A motion to withdraw a guilty plea should be denied without a hearing unless the defendant presents "significant questions concerning the voluntariness or general validity of the plea." *Id.* "No hearing need be granted when the allegations on a motion to withdraw a guilty plea before sentencing merely contradict the record, are inherently incredible, . . . are simply conclusory" *id.*, or "merely contradict [the defendant's] earlier statements made under oath at his plea allocution." *Maher*, 108 F.3d at 1529 (internal quotations marks and alterations omitted).

### Analysis

The defendant's application to withdraw his plea should be denied without a hearing because he cannot show that his proffered basis for withdrawing the plea is "fair and just" within the meaning of Rule 11. None of the four factors set forth in *Robinson* are met here.

As an initial matter, the defendant's plea was entered in October of 2019, twenty months ago. Although the defendant has moved to withdraw his plea before, that application was denied in November 2019 – nineteen months ago. Secondly, while the defendant asserts that he was "coerced" to respond to the Court's questioning establishing a factual basis for the plea, (Dkt. 182 at 6), the defendant does not claim that he is innocent of the offense of conviction. Nor could he do so credibly as the evidence of the defendant's guilt on Count Four, set forth in detail in the unchallenged PSR, overwhelmingly establishes the defendant's guilt of the sex trafficking offense. In any event, the transcript of the plea hearing (Dkt. 78) establishes that the defendant's sworn responses, provided after an extensive allocution, support the plea and "carry a strong presumption of verity." *Blackledge*, 431 U.S. at 74.

Third, the Government would be significantly prejudiced by the withdrawal of the plea. Nearly two years have passed since the defendant pled guilty. Being forced to prepare for trial now, including locating witnesses who have moved or reside outside the district and have endeavored to move on with their lives, would unduly deprive the Government of its bargain and unjustly advantage the defendant. *See Lopez*, 385 F.3d at 255.

Finally, as the Court has previously concluded in November 2020, the defendant's plea was voluntary and knowing. The defendant's belated, successive attempt to vacate the plea based on the same assertions that he was inadequately advised by Ms. Sacks and Mr. Epstein, falls flat. In sum, the motion presents no new basis to re-consider the Court's well-reasoned denial of the defendant's previous motion to vacate.

June 29, 2021
Page 5

## **Conclusion**

       For the reasons set forth above, the Government respectfully submits that the defendant's motion to vacate his guilty plea be denied.

Respectfully submitted,

AUDREY STRAUSS
United States Attorney for the
Southern District of New York


By:    /s/
     Jacqueline Kelly
     Danielle Sassoon
     Assistant United States Attorneys
     (212) 637-2456

cc:    Defense counsel (by CM/ECF)