```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __10/9/2024__
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

WILLIAM BAZEMORE,

                            Defendant.

19 Cr. 6-1 (AT)

**ORDER**

ANALISA TORRES, District Judge:

By letter dated September 29, 2024, William Bazemore requests an extension of 45 days to file his petition for habeas corpus pursuant to 28 U.S.C. § 2255, which he asserts is due in October 2024.  ECF No. 236.

Under 28 U.S.C. § 2255(f), a petitioner has a one-year statute of limitations to petition for habeas relief.  That one-year period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The Second Circuit affirmed Bazemore's judgment of conviction on May 24, 2023, ECF No. 233, so his 90-day period to petition the Supreme Court for certiorari expired on August 22, 2023, at which point his judgment became final, *see Smith v. McGinnis*, 208 F.3d 13, 15 n.1 (2d Cir. 2000) (per curiam).  Bazemore therefore had until August 22, 2024, one year from that final judgment, to petition for habeas relief.  But, he did not move for relief until September 29, 2024, over a month after the deadline.  ECF No. 236; *see German v. United States*, 209 F. Supp. 2d 288, 291 (S.D.N.Y. 2002) ("Under the 'prison mailbox rule,' [a petitioner] is entitled to have the petition deemed filed on the date he entrusted it to prison authorities for mailing.").

If Bazemore's request for an extension had "contain[ed] allegations supporting a claim for relief under section 2255," the Court would be obligated to "construe it [as a habeas petition under section 2255], and then decide whether the motion is timely."  *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001).  But Bazemore's request does not contain any allegations supporting a claim for habeas relief; it asserts only that Bazemore was recently transferred from one facility to another and experienced lockdowns at the previous facility.  *See* ECF No. 236.  Because the extension request cannot fairly be construed as a Section 2255 petition for habeas relief, the "[C]ourt has no jurisdiction . . . to consider the motion."  *Green*, 260 F.3d at 83.  Accordingly, Bazemore's request for an extension is DENIED for lack of jurisdiction.

Should Bazemore proceed to file a petition for habeas relief, he should explain in that petition why any of the subsections of Section 2255(f) apply. Additionally or alternatively, he may urge the Court to review an untimely petition because "extraordinary circumstances" prevented him from filing the petition within the one-year statute of limitations. *Id.* at 85 (citation omitted). Bazemore is reminded, however, that the Court will equitably toll the one-year period only if he can demonstrate "(1) extraordinary circumstances that prevented the filing of his petition on time, and (2) that [he] acted with reasonable diligence throughout the period he seeks to toll." *German*, 209 F. Supp. 2d at 293.

SO ORDERED.

Dated: October 9, 2024
New York, New York

ANALISA TORRES
United States District Judge